UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KIMBERLY GRIFFIN,**<br>     Plaintiff,<br><br>v.<br><br>**WELLBORN CABINET INC.,**<br>***et al.***,<br>     Defendants. | **Case No. 1:24-cv-456-CLM** |

## MEMORANDUM OPINION

Kimberly Griffin asks the court to remand the case she filed in state court over the death of her husband James. (Doc. 10). For the reasons below, the court **GRANTS IN PART AND DENIES IN PART** Griffin's motion:

- The court remands Counts I and V;
- The court retains jurisdiction over Count II; and,
- The court dismisses Counts III, IV, and IV.

Because the court must remand the only claim against Jody East (Count V), the court **DENIES** East's Motion to Dismiss as moot. (Doc. 18).

## BACKGROUND

1. <u>The facts</u>: James Griffin worked as an electrician at Wellborn Cabinet, Inc. James died when he was electrocuted while installing light fixtures in Wellborn's paint room. At the time, James was standing on top of a spray booth to reach the lights and was exposed to electrical currents through an uncovered opening. James wasn't using a "lock and tag"—a safety device used to shut off potentially dangerous energy sources when performing maintenance.

2. <u>The lawsuit</u>: Mrs. Griffin sues several defendants on her husband's behalf. In Count I, she sues Wellborn for worker's compensation. In Count II, she sues Global Finishing Solutions, LLC, and LDIP, Inc. under the Alabama Extended Manufacturer's Liability Doctrine for the design, manufacture, and

distribution of products contributing to Mr. Griffin's death. In Counts III and IV, she sues fictitious defendants for negligence and wantonness. In Count V, she sues Jody East for co-employee liability. And in Count VI, she sues all defendants for "combined and concurring conduct." (Doc. 10-1).

Global Finishing Solutions removed the case to federal court (doc. 1), and Mrs. Griffin asks the court to remand (doc. 10). Jody East asks the court to dismiss Mrs. Griffin's claim of co-employee liability (Count V). (Doc. 18).

## STANDARD OF REVIEW

Federal courts are courts are limited jurisdiction. Only cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state court. *E.g.*, 28 U.S.C. § 1441(a); *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The "removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)). In analyzing whether the defendant has carried that burden, the "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095 (citation omitted).

## DISCUSSION

The court must sever and remand Counts I and V, keep Count II, and dismiss Counts III, IV, and VI.

### A. Counts I (worker's comp) and V (co-employee liability)

Griffin's worker compensation claim against Wellborn and her co-employee liability claim against East both arise under Alabama's worker's compensation law. *See generally* Ala. Code § 25-5-1. But worker's compensation claims are generally not removable. 28 U.S.C. § 1445(c); *Reed v. Heil Co.*, 206 F.3d 1055, 1049 (11th Cir. 2000). So the court must sever and remand both claims. Because the court remands the only claim against East, East's motion to dismiss that claim is moot. (Doc. 18).

## B. Count II (products liability)

Griffin also pleads Count II under Alabama law—*i.e.*, the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). Unlike Count I, Circuit precedent does not require AEMLD claims be remanded. And the court has diversity jurisdiction over the claim because (a) Griffin (an Alabama resident) is completely diverse from Global Finishing Solutions (domiciled in Delaware and Illinois) and LDIP (domiciled in Wisconsin) and (b) the court presumes Griffin's claim exceeds $75,000 because it stems from her husband's death. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211, (11th Cir. 2007) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").

Because the court has jurisdiction over the AEMLD claim, it will follow the Eleventh Circuit's accepted practice of severing and remanding worker's compensation claims while retaining jurisdiction over unrelated claims properly before the court. *See generally Reed*, 206 F.3d 1055; *Stassi v. Dollar Tree Stores, Inc.*, No. 4:22-cv-1596, 2023 WL 3956168 (N.D. Ala. June 12, 2023); *Yates v. Eastdale Apartments Ltd. P'ship*, No. 2:21-cv-615-ECM, 2022 U.S. Dist. LEXIS 142445, at *6 (M.D. Ala. Aug. 10, 2022); *Shields v. Georgia-Pac, LLC,* No. 16-263-WS-N, 2016 WL 3963045, at *2 (S.D. Ala. July 21, 2016); *Steel v. Viscofan USA, Inc.*, No. 2:16-cv-808-GMB, 2017 WL 253960, at *2 (M.D. Ala. Jan 19, 2017); *Logan v. McKinney Drilling, LLC*, No: 1-20-cv-268-JB-MU, 2021 WL 354462, at *9 (S.D. Ala. Feb. 2, 2021).

## C. Counts III & IV (fictious parties), VI (combined and concurring)

That leaves Counts III, IV, and VI. Counts III and IV allege negligence and wantonness against fictitious parties. (Doc. 10-1, p. 6–7). Federal court generally forbid fictitious party practice, so the court must dismiss both claims. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The court also must dismiss Griffin's "combined and concurring conduct" claim (Count VI) because it similarly pleads a non-viable cause of action.

## CONCLUSION

For the reasons explained above, the court **GRANTS IN PART AND DENIES IN PART** Griffin's motion. The court severs and remands Counts I and V. The court keeps Count II against Global Finishing Solutions, Inc. and LDPI, Inc. And the court **DISMISSES** Count III, IV, and VI. Because the court remands Griffin's claim against East, the court **DENIES AS MOOT** East's Motion to Dismiss that claim. (Doc. 18).

**DONE** and **ORDERED** on February 10, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE